NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1105n.06

No. 11-6557

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Oct 25, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CLIFFORD LEON HOUSTON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JEFFERY WICKS, Judge; MARK N. | ) | COURT FOR THE EASTERN |
| FOSTER, Attorney; RUSSELL JOHNSON, | ) | DISTRICT OF TENNESSEE |
| Attorney General; BILL HASLAM, Governor; | ) | |
| ROBERT E. COOPER, Attorney General | ) | |
| Reporter; RONALD B. WOODY, Executive; | ) | |
| STATE OF TENNESSEE; ROANE | ) | |
| COUNTY GOVERNMENT, a Corporation, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before:  MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM.  Clifford Leon Houston, a pro se Tennessee resident, appeals a district court judgment that denied his motion for recusal and dismissed his civil rights action filed pursuant to 42 U.S.C. § 1983.

Houston alleged that the state judge who was appointed to hear his criminal cases had a conflict of interest, that his court-appointed counsel refused to file a motion for the judge's recusal, and that his attorney, the judge, and the prosecuting attorney conspired to conceal the conflict of interest.  Houston also alleged that the county, the county executive, the governor of Tennessee, the state attorney general, and the state itself could have prevented the conspiracy, but failed to do so.

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

The district court found that Houston's claims lacked merit for a variety of reasons, including Eleventh Amendment immunity, judicial immunity, and the failure to allege the deprivation of a federal right by a person acting under color of state law. On this basis, the district court dismissed Houston's complaint.

Houston's current brief does not contain any specific challenge to the district court's rationale for dismissing his claims against the defendants. Therefore, he has abandoned those claims for purposes of appellate review. *See United States v. Mick*, 263 F.3d 553, 567 (6th Cir. 2001).

Instead, Houston now argues that the district judge should have recused himself because of a conflict of interest. He asserts that the judge recused himself from a case that was brought by Houston's brother, that his brother issued a subpoena for the judge in a homicide trial, and that the judge would be called as a material witness in his case. Houston also maintains that the judge has a working relationship with another federal judge, a district court clerk, and a United States attorney who would be called as witnesses.

A federal judge is required to disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). However, the judge did not abuse his discretion here as Houston's conclusory assertions of bias are not based on extrajudicial activity. *See Liteky v. United States*, 510 U.S. 540, 555–56 (1994); *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). Moreover, there is no indication that the judge was unfairly biased in the case at hand. *See In re Adams*, 31 F.3d 389, 396 (6th Cir. 1994); *Sammons*, 918 F.2d at 599.

We affirm the judgment of the district court.